IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

CALVIN ADAMS,

    Plaintiff,

v.                              CASE NO. 4:22cv393-RH-MJF

PILOT CORPORATION,

    Defendant.

_____/

## ORDER REQUIRING LOST-EARNINGS DISCLOSURES

This is a personal-injury case. The defendant has moved to exclude evidence of lost earnings, past or future, based on the plaintiff's failure to disclose the amount claimed or to produce supporting documents. In response, the plaintiff says he provided the defendant copies of pay stubs from his employer at the time of the injury and that the defendant subpoenaed pay records from that employer and others; the plaintiff says, in effect, that the defendant can calculate lost earnings for itself. The plaintiff says the defendant failed to provide the plaintiff copies of the documents obtained in response to the subpoenas.

Federal Rule of Civil Procedure 26(a)(1)(A)(iii) required the plaintiff to disclose, without awaiting a discovery request, "a computation of each category of

damages claimed." The disclosure was due on December 14, 2022, more than nine months ago. The rules also required the plaintiff to produce the "documents or other evidentiary material" on which the computation was based, unless privileged or protected from disclosure. The obligation does not apply to general damages—to the amount of pain and suffering the plaintiff may claim—but the obligation does apply to lost earnings, past or future.

In response to the motion in limine, the plaintiff has neither acknowledged the obligation to provide a computation nor attempted to explain his failure to do so.

Federal Rule of Civil Procedure 37(c)(1) provides the usual sanction: if a party fails to provide information as required by Rule 26(a), "the party is not allowed to use that information . . . to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Rule 37(c)(1) also says that the court may impose additional or alternative sanctions.

The plaintiff has suggested no substantial justification—indeed, no justification at all—for disregarding the rule. The plaintiff hints at harmlessness, asserting the defendant has obtained records and deposed the plaintiff and thus can make its own calculation. But the defendant is entitled to know what amount of lost earnings the plaintiff actually claims—not just to make its own calculation of what the plaintiff *might* claim. The plaintiff should now take seriously the

possibility that he will be precluded from claiming lost earnings. A factor in the analysis will be how promptly and completely the plaintiff now makes disclosures.

One cannot know, from the plaintiff's unilateral assertion, whether the defendant obtained by subpoena records that the defendant then failed to turn over to the plaintiff. But if the defendant obtained records, the defendant should have immediately turned them over, with or without a request. The failure to do so, if it occurred, may be a factor in the analysis of an appropriate sanction for the plaintiff's failure to make full and timely 26(a)(1)(A)(iii) disclosures. This order requires each side to turn over to the other side all documents obtained through subpoenas in this action.

The attorneys on both sides are too able and experienced to have engaged in this kind of conduct.

IT IS ORDERED:

1. The defendant's motion to exclude lost-earnings evidence, ECF No. 20, is granted in part and remains pending in part. The motion will be addressed further at the pretrial conference.

2. The plaintiff must promptly make lost-earnings disclosures, including a computation, as required by Rule 26(a)(1)(A)(iii). If full disclosures are not made by September 25, 2023, the plaintiff will be precluded from claiming lost earnings at trial.

3. Each party must turn over to the adverse party by September 20, 2023, a copy of every document the party has obtained directly or indirectly in response to a subpoena served in this action.

SO ORDERED on September 15, 2023.

s/Robert L. Hinkle<br>United States District Judge